**LITTLER MENDELSON, P.C.**
Amber M. Spataro (N.J. Bar No. 036892008)
David S. Ostern (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: aspataro@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Firmenich Incorporated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES SHAW,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FIRMENICH INCORPORATED,<br><br>　　　　　　　Defendant. | Civil Action No. 2:21-cv-20323<br><br>**NOTICE OF REMOVAL**<br>**(FEDERAL QUESTION)**<br><br>*Electronically Filed* |

**TO:  THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Firmenich Incorporated ("Defendant") files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Middlesex County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

## STATE COURT ACTION

1.      On August 24, 2021, Plaintiff Charles Shaw ("Plaintiff") commenced an action by filing a complaint in the Superior Court of New Jersey, Law Division, Middlesex County, bearing Docket No. MID-L-004994-21 (the "State Court Action"). Attached as **Exhibit A** is a copy of

Plaintiff's Complaint in the State Court Action. Defendant was served with the Summons and Amended Complaint in the State Court Action on November 5, 2021.

## TIMELINESS OF REMOVAL

2.      This Notice of Removal is timely filed within 30 days of November 5, 2021, as required by 28 U.S.C. § 1446(b)(1).

## GROUNDS FOR REMOVAL

3.      Defendant removes this action based on federal question jurisdiction under 28 U.S.C. § 1441(a).  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Family and Medical Leave Act,  29 U.S.C. § 2601, *et seq*. (the "FMLA").

4.      This Court has supplemental jurisdiction over Plaintiff's claims arising under the New Jersey Law Against Discrimination ("NJLAD") pursuant to 28 U.S.C. § 1367.

## FEDERAL QUESTION JURISDICTION

5.      The State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may therefore be properly removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a) and (c), and 1446 in that it arises under federal law and presents a federal question.

6.      In his Complaint in the State Court Action, Plaintiff claims that Defendant violated the FMLA.  *See* Complaint, Ex. A, ¶¶ 1, 44-56.

7.      Federal courts may also exercise supplemental jurisdiction over state law claims if they "form part of the same case or controversy" as claims that are properly within the jurisdiction of the federal court.  *See* 28 U.S.C. § 1367(a).  Supplemental jurisdiction over Plaintiff's state law claims is proper because Plaintiff's claim of discrimination, retaliation, and failure to

accommodate—all under the NJLAD—is related to Plaintiff's federal claim as it is part of the same case or controversy under Article III of the United States Constitution and because no novel or complex issue of state law predominates.  *See* 28 U.S.C. §§ 1441(c) and 1367.

8.      Thus, because the Plaintiff brings an action arising under the laws of the United States, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is therefore removable to this Court pursuant to 28 U.S.C. §1441(a).

## VENUE

9.      The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's State Court Action is currently pending. *See* 28 U.S.C. §§ 110, 1441(a).

10.     The Notice of Removal is being filed in the United States District Court for the District of New Jersey within 30 days of the date upon which Defendant was served with the Summons and Complaint, as required by 28 U.S.C. § 1446(b).  Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal to the Clerk of the New Jersey Superior Court, the original of which will be promptly filed with the New Jersey Superior Court Clerk, Law Division, Middlesex County as required by 28 U.S.C. § 1446(d).

## NOTICE TO PLAINTIFF

11.     Contemporaneous with the filing of the Notice of Removal, Defendant is giving written notice thereof to Plaintiff's counsel, Matthew D. Miller, Esq., Swartz Swidler, LLC, 1101 Kings Highway North, Suite 402, Cherry Hill, New Jersey 08034, pursuant to 28 U.S.C. § 1446(a). Attached hereto as **Exhibit C** is a copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff's counsel.

12.     By filing the Notice of Removal, Defendant does not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise.  Defendant does not intend any admission of fact or law by this Notice and expressly reserves all defenses and motions.

### RELIEF REQUESTED

13.     Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, Defendant respectfully request that this action proceed in this Court as an action properly removed to it.

Dated: December 3, 2021                    Respectfully submitted,

*/s/ David S. Ostern*
**LITTLER MENDELSON, P.C.**
Amber M. Spataro, Esq.
David S. Ostern, Esq.
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: aspataro@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Firmenich Incorporated*

4

# EXHIBIT A

SWARTZ SWIDLER, LLC
Matthew D. Miller (029972011)
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Ph: 856-685-7420
Fax: 856-685-7417
Email: mmiller@swartz-legal.com

| | |
|---|---|
| CHARLES SHAW | THE SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY – LAW DIVISION |
| Plaintiff, | |
| v. | CIVIL ACTION NO: |
| FIRMENICH, INC. | CIVIL ACTION COMPLAINT WITH JURY DEMAND |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff Charles Shaw (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Firmenich, Inc. (hereinafter "Defendant").

## INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD"). Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability and/or age and/or in retaliation for his request for a reasonable accommodation. Defendant further violated his rights under the FMLA by interfering with his rights under the FMLA by firing him in retaliation for taking FMLA-protected leave. As a result of Defendant's conduct, Plaintiff has suffered damages as set forth herein.

## PARTIES

2.     The foregoing paragraphs are incorporated herein as if set forth in full.

1

3.      Plaintiff is an adult individual who worked for Defendant in New Jersey.

4.      Defendant is a corporation that does business in New Jersey.

5.      At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## **FACTUAL BACKGROUND**

6.      The foregoing paragraphs are incorporated herein as if set forth in full.

7.      In or around March 15, 2007, Defendant hired Plaintiff as a Machine Operator.

8.      Plaintiff was born on November 26, 1955.

9.      Plaintiff suffers from Bipolar Disorder (hereinafter his "Disability A").

10.     In or around Summer of 2007, Plaintiff notified Defendant, by way of Floor Supervisor William Cruz ("Supervisor Cruz") of his Disability A.

11.     Throughout his employment with Defendant, Plaintiff informed other supervisors and managers of Defendant about his Disability A, including but not limited to Fragrance Department Manager Kasia Trott ("Supervisor Trott") in or around 2010 and Floor Supervisor Allyson Rada ("Supervisor Rada") in or around 2014.

12.     In or around early 2018, Defendant began targeting employees who were older than 50 years for lay offs.

13.     In or around February 2019, Plaintiff briefly collapsed at work.

14.     Supervisor Trott instructed Plaintiff to go to the hospital after collapsing, which Plaintiff immediately did.

15.     At the hospital, Plaintiff's doctor advised Plaintiff that his heart was weak and that Plaintiff might need a pacemaker in the future (hereinafter Plaintiff's "Disability B") (hereinafter, Plaintiff's Disability A and Disability B are collectively referred to as his "Disabilities".

16.     Upon returning to work following his hospitalization, Plaintiff spoke to Floor Supervisor Blair McPherson and Supervisor Trott, informing them of his Disability B and that symptoms of his Disability A had increased to the point where he believed he may need to take time off from work.

17.     Supervisor Trott informed Plaintiff that he should apply for FMLA-protected leave and gave Plaintiff the phone number to Defendant's third-party benefits administrator.

18.     In or around May 2019, Plaintiff informed Supervisor Rada that symptoms of his Disability A had increased to the point where he believed he may need to take time off from work.

19.     In response, Supervisor Rada asked Plaintiff when he planned on retiring.

20.     In or around June 2019, Plaintiff met with Supervisor Rada and informed her that he needed FMLA-protected leave due to his Disabilities.

21.     A few days following the aforementioned meeting with Supervisor Rada, Plaintiff submitted a request for FMLA-protected leave to Defendant's third-party benefits administrator.

22.     Immediately after submitting his application for FMLA-protected leave, Plaintiff notified Supervisor Trott, Supervisor Rada, Supervisor Cruz, Supervisor McPherson, and Human Resources Manager Dan Bunce ("HR Manager Bunce") of same.

23.     In or around July 2019, Defendant's third-party benefits administrator denied Plaintiff's FMLA request, stating that the application did not meet regulatory standards without providing further explanation.

24.     Upon receipt of the FMLA request denial, Plaintiff called Defendant's third-party benefits administrator to obtain the reason why his request was denied, but the representative did not provide him with an explanation, instead instructing Plaintiff to speak to Defendant.

25.     Following his call with the representative, Plaintiff met with Supervisor Trott and Supervisor Cruz.

26.     During this meeting, Plaintiff told Supervisor Trott and Supervisor Cruz that he was continuing to experience increased symptoms of his Disabilities and needed a leave of absence due to same, further explaining that he had applied for FMLA-protected leave but had been denied without reason.

27.     Supervisor Cruz assured Plaintiff that he would speak with Defendant's HR Department about his FMLA request, but Plaintiff did not hear back from Supervisor Cruz about his request thereafter.

28.     Following his request for FMLA-protected leave, Defendant began assigning Machine Operator Walter Calix ("Operator Calix") to work with Plaintiff on days when his regular work partner was not available.

29.     Machine Operator Calix either was unwilling or unable to keep up with the demands of the Machine Operator position.

30.     Working with Machine Operator Calix exacerbated the symptoms of his Disability A.

31.     Plaintiff repeatedly complained to Supervisor Cruz, Supervisor Trott, and Supervisor Rada regarding Machine Operator Calix' poor performance, explaining that it was exacerbating the symptoms of his Disability A.

4

32.     Supervisor Cruz, Supervisor Trott, and Supervisor Rada each refused to stop assigning Machine Operator Calix to work with Plaintiff and also refused to address Plaintiff's concerns with Machine Operator Calix.

33.     In or around early-September 2019, Plaintiff submitted a new request for FMLA-protected leave to Defendant's third-party benefits administrator.

34.     Later that same day, Plaintiff notified Supervisor Trott about his new request for FMLA leave.

35.     Following Plaintiff's new request for FMLA-protected leave, Defendant began to assign Machine Operator Calix to work with Plaintiff more frequently.

36.     Defendant's assignment of Machine Operator Calix greatly diminished Plaintiff's ability to perform his work duties and keep up with Defendant's quotas.

37.     In or around late-September 2019, Defendant terminated Plaintiff after he expressed frustration with yet another mistake committed by Operator Calix. Hours after Plaintiff's termination he called HR Manager Bunce and apologized for his frustration, explaining that it was brought about by Plaintiff's Disability A, the repeated denial of his requests for FMLA-protected leave, and the stress of working with Machine Operator Calix.

38.     In response, HR Manager Bunce claimed that Plaintiff had resigned.

39.     Plaintiff insisted that he had not resigned and pleaded with HR Manager Bunce to rescind his termination, but HR Manager Bunce refused.

40.     Defendant refused to allow Plaintiff to return to work.

41.     Between Early-2018 and late-September 2019, Defendant had laid off more than 10 employees who were over the age of 50.

42.    Defendant's decision to terminate Plaintiff was not motivated by Plaintiff's frustration with Operator Calix.

43.    In reality, Defendant fired Plaintiff because of his disabilities and/or his perceived disabilities, and/or due to Plaintiff's age, and/or in retaliation for his requests for reasonable accommodations and/or FMLA-protected leave, and/or to prevent him from taking FMLA-protected leave in the future.

## COUNT I
## Violations of the Family and Medical Leave Act
### (Interference)

44.    The foregoing paragraphs are incorporated herein as if set forth in full.

45.    Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

46.    As of March 2019, Plaintiff was employed by Defendant for at least twelve (12) months.

47.    Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to his application for FMLA-protected leave.

48.    Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for twenty (20) or more calendar workweeks in the 2019 or preceding calendar year.

49.    Plaintiff required time off from work because of his Disabilities.

50.    Plaintiff's Disabilities constitute serious health conditions within the meaning of the FMLA.

51.     Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave and/or intermittent leave, and Defendant was not permitted to interfere with Plaintiff's rights to same.

52.     Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff to prevent him from obtaining and utilizing FMLA-protected leave.

53.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
### Violations of the Family and Medical Leave Act
**(Retaliation)**

54.     The foregoing paragraphs are incorporated herein as if set forth in full.

55.     Defendant retaliated against Plaintiff by firing him in retaliation for his requests for FMLA-protected leave.

56.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
### Violations of the New Jersey Law Against Discrimination (NJLAD)
**(Disability/Perceived Disability Discrimination)**

57.     The foregoing paragraphs are incorporated herein as if set forth in full.

58.     At all times relevant herein, Plaintiff's Disabilities rendered him an individual with disabilities under the NJLAD.

59.     At all times relevant herein, Defendant perceived Plaintiff to be suffering from disabilities within the meaning of the NJLAD.

60.     Defendant fired Plaintiff because he suffered from disabilities and/or because Defendant perceived him as being disabled.

61.     Defendant's actions as aforesaid constitute violations of the NJLAD and have caused Plaintiff to suffer damages.

**COUNT IV**
**Violations of the New Jersey Law Against Discrimination (NJLAD)**
**(Failure to Accommodate)**

62.     The foregoing paragraphs are incorporated herein as if set forth in full.

63.     Plaintiff requested a reasonable accommodation from Defendants in that he sought to be permitted to take time off for by his disability/disabilities and/or treatment for same.

64.     Defendants could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

65.     Defendant's actions as aforesaid constitute violations of the NJLAD and have caused Plaintiff to suffer damages.

**COUNT V**
**Violations of the New Jersey Law Against Discrimination (NJLAD)**
**(Retaliation)**

66.     The foregoing paragraphs are incorporated herein as if set forth in full.

67.     Plaintiff requested leave due to his disability/disabilities.

68.     Requesting an accommodation for a disability is a protected activity under the NJLAD.

69.     Defendant terminated Plaintiff because he requested the aforementioned accommodation.

70.     Defendant's actions as aforesaid constitute violations of the NJLAD and have caused Plaintiff to suffer damages.

**COUNT VI**
**Violations of the New Jersey Law Against Discrimination (NJLAD)**
**(Age Discrimination)**

71.     The foregoing paragraphs are incorporated herein as if set forth in full.

72.     Defendants subjected Plaintiff to discrimination based on his age.

73.     Defendants fired Plaintiff due to his age.

74.     Requesting an accommodation for a disability is a protected activity under the NJLAD.

75.     Defendant terminated Plaintiff because he requested the aforementioned accommodation.

76.     Defendant's aforementioned actions constitute violations of the NJLAD and have caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their disabilities or their ages;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C.      Plaintiff is to be awarded liquidated damages and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (liquidated damages are sought under the FMLA);

D.      Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Matthew D. Miller*
Matthew D. Miller, Esq. (029972011)
Richard S. Swartz, Esq. (026801997)
Justin L. Swidler, Esq. (039312007)
1101 Kings Highway North
Suite 402
Cherry Hill, NJ 08034
(856) 685-7420
(856) 685-7417 Fax

Dated: August 24, 2021

10

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

SWARTZ SWIDLER, LLC

By:     */s/ Matthew D. Miller*
        Matthew D. Miller, Esq.


## RULE 4:5-1 CERTIFICATION

I am licensed to practice law in New Jersey, and I am responsible for the above captioned

matter.  I am not aware of any other proceeding which is the subject of the instant matter.

SWARTZ SWIDLER, LLC

By:     */s/ Matthew D. Miller*
        Matthew D. Miller, Esq.


## DESIGNATION OF TRIAL COUNSEL

Matthew D. Miller, Esquire, of the law firm of Swartz Swidler, LLC, is hereby

designated trial counsel.

SWARTZ SWIDLER, LLC

By:     */s/ Matthew D. Miller*
        Matthew D. Miller, Esq.

# EXHIBIT B

**LITTLER MENDELSON, P.C.**
Amber M. Spataro (N.J. Bar No. 036892008)
David S. Ostern (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: aspataro@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Firmenich Incorporated*

| | |
|---|---|
| CHARLES SHAW,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRMENICH, INC.,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.:  MID-L-004994-21<br><br>**NOTICE OF FILING OF<br>NOTICE OF REMOVAL** |

**TO:** **Clerk, Superior Court of New Jersey**
   **Law Division, Middlesex County**
   **56 Paterson Street**
   **New Brunswick, NJ 08903-0964**

**SIR OR MADAM:**

  **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§1331, 1441 and 1446, Defendant

Firmenich Incorporated (improperly pled as "Firmenich, Inc.") ("Defendant") has filed a Notice

of Removal of the above-captioned action in the United States District Court for the District of

New Jersey. Attached hereto as **Exhibit A** is a copy of the Notice of Removal of this case.  Upon

filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice thereof to

counsel for Plaintiff Charles Shaw ("Plaintiff"), Matthew D. Miller, Esq., Swartz Swidler, LLC,

1101 Kings Highway North, Suite 402, Cherry Hill, New Jersey 08034.

  Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States

District Court for the District of New Jersey, together with the filing of a copy of the Notice of

Removal with this Court, effects the removal of this action, and this Court may proceed no further unless and until the action is remanded.

Dated: December 3, 2021

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendant*
*Firmenich Incorporated*


_____*/s/ David S. Ostern*_____
Amber M. Spataro
David S. Ostern

2

## **CERTIFICATION OF SERVICE**

I, David S. Ostern, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via the *e-courts* system on Plaintiff's counsel as follows:

Matthew D. Miller, Esq.
Swartz Swidler, LLC
1101 Kings Highway North, Suite 402
Cherry Hill, New Jersey 08034
*Attorneys for Plaintiff Charles Shaw*

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: December 3, 2021                         */s/ David S. Ostern*
                                               David S. Ostern

# EXHIBIT C

**LITTLER MENDELSON, P.C.**
Amber M. Spataro (N.J. Bar No. 036892008)
David S. Ostern (N.J. Bar No. 336162020)
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: 973.848.4700
E: aspataro@littler.com
E: dostern@littler.com
*Attorneys for Defendant*
*Firmenich Incorporated*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES SHAW,<br><br>                              Plaintiff,<br><br>          v.<br><br>FIRMENICH INCORPORATED,<br><br>                              Defendant. | Civil Action No.  2:21-cv-20323<br><br>**NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL**<br><br>(Superior Court of New Jersey,<br>Docket No. MID-L-004994-21)<br>Electronically Filed |

TO:    **Matthew D. Miller, Esq.**
         **Swartz Swidler, LLC**
         **1101 Kings Highway North, Suite 402**
         **Cherry Hill, New Jersey 08034**

         **PLEASE TAKE NOTICE** that a Notice of Removal of the above-captioned action from

the Superior Court of New Jersey, Law Division, Middlesex County to the United States District

Court for the District of New Jersey was filed on December 3, 2021, in the United States District

Court for the District of New Jersey.  A copy of the petition is attached hereto.

Dated: December 3, 2021                              **LITTLER MENDELSON, P.C.**
                                                                      *Attorneys for Defendant*
                                                                      *Firmenich Incorporated*

                                                                      */s/ David S. Ostern*
                                                                      Amber M. Spataro, Esq.
                                                                      David S. Ostern, Esq.